J-S20012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY LEE HAMM :
:
Appellant : No. 104 MDA 2024

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000593-2023

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED AUGUST 15, 2024**

Appellant, Timothy Lee Hamm, appeals from the judgment of sentence entered on December 11, 2023, following his guilty plea to disorderly conduct and possession of a controlled substance.[1] In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503(a)(4) and 35 P.S. § 780-113(a)(16), respectively.

counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts of this case as follows. According to the criminal information filed in this matter, the Commonwealth alleged that on July 26, 2023, while police officers attempted to enforce a warrant for Appellant's arrest in an unrelated matter, Appellant resisted. In a search incident to Appellant's eventual arrest, the police recovered methamphetamine and drug paraphernalia from Appellant's person. On November 2, 2023, Appellant entered an open guilty plea to the aforementioned charges. On December 11, 2023, following a hearing, the trial court sentenced Appellant to six to 12 months of incarceration for disorderly conduct, followed by a consecutive term of 16 to 36 months of incarceration for possession of a controlled substance. The trial court further ordered Appellant's sentence to run consecutive to his outstanding sentences in unrelated matters. This timely appeal resulted.[2]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has

---

[2] Appellant filed a timely post-sentence motion on December 19, 2023, asserting that his aggregate sentence of 22 to 48 months was excessive and unduly harsh. By order entered on December 26, 2023, the trial court denied Appellant's post-sentence motion. On January 19, 2024, Appellant filed a notice of appeal. On January 26, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. On February 13, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(b).

fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]").  It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the *Anders* brief, which is as follows:

> I.    Was the sentence imposed on [Appellant] excessive in light of [his] circumstances, particularly with regard[] to [Appellant's] treatment, rehabilitative needs, and prior criminal history?

*Anders* Brief at 3.

More specifically, "Appellant complains that [his] sentence was excessive because the court failed to take into account his rehabilitative needs, goals upon parole[,] and [the] timeframe since his last possession of a controlled substance" which "was about 20 years prior." *Id.* at 8.  Appellant

_____

[3]  Appellant has not responded to the petition to withdraw and/or the *Anders* brief.

- 4 -

concedes, however, that his "minimum sentence … was within the standard range of the sentencing guidelines" and that the trial "court had access to a pre-sentence investigation [report (PSI report)] which it referred to and incorporated into the sentencing decision." *Id.* at 11; *see also id.* at 13 ("[T]he sentence that Appellant received was within the sentencing guidelines, just at the top of the standard range.").

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

This Court has previously explained:

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [ ] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Here, Appellant complied with the first three requirements as set forth above. Appellant also raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

This Court has previously determined:

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. Additionally, the trial court must consider the sentencing guidelines. Where a PSI report exists, this Court will presume that the sentencing judge was aware of relevant information regarding the defendant's character

- 6 -

and weighed those considerations along with mitigating statutory factors.

Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. An appellant is not entitled to a volume discount on his multiple convictions by the imposition of concurrent sentences.

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. In conducting appellate review, this Court cannot reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all mitigating factors.

*Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa. Super. 2024) (internal citations, quotations, and original brackets omitted); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted) (The sentencing court may merely choose not to give the proposed mitigating factors much weight and decide that the facts of the case do not warrant imposition of a sentence lower than the standard range, and, on appeal, we cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.). Moreover, when a defendant is sentenced within the standard sentencing guideline range for each offense, this Court shall vacate the sentence only in "circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

Upon appellate review, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Here, the trial court determined that

[a]t the time of sentencing, [the trial] court had a [PSI report] and sentencing guideline form. The sentence for each conviction falls within the standard range of the sentencing guidelines. [The trial] court reviewed the [PSI report.] [Thus, the trial] court [concluded it] considered all appropriate sentencing factors and considerations when it incorporated the [PSI report] into its reasons for sentencing.

Trial Court Opinion, 2/13/2024, at 2.

Here, at sentencing, there is no dispute that the trial court stated that it reviewed the PSI report and set forth the standard-range guidelines for each convicted offense. N.T., 12/11/2023, at 1. Before imposing sentence, defense counsel noted that Appellant's criminal history "stems from addiction" and that Appellant planned to "get into a rehab facility upon release." *Id.* at 2. Appellant claimed that he was interested in a sober, work-release program and eventually moving in with his mother in order "to stay clear" of "old habits[.]" *Id.* Appellant further averred that he committed the offenses at issue when "his sister and his grandmother had just passed away." *Id.* at 3. Counsel claimed that Appellant was enrolled in prison programs "such as anger management and other work[-]related classes to insure that when he is released he will be successful in getting employment and maintaining []

sobriety." *Id.* Appellant further stated that "it was his goal to be able to rekindle [] relationships" with his children and "be able to be a very active father in their lives." *Id.* Ultimately, counsel for Appellant asked the trial court to sentence Appellant "on the lowest end" of the standard range of the sentencing guidelines. *Id.* at 4. Thereafter, the trial court reviewed Appellant's PSI report on the record, specifically noting that Appellant's criminal history from 2002 through 2020 consisted of multiple convictions including harassment, possession of a controlled substance, possession of contraband, disorderly conduct, three convictions for simple assault, and four convictions for driving under the influence of alcohol/controlled substances. *Id.* at 7-8. The trial court incorporated the PSI report into the record and noted that the sentences imposed were within the standard range of the sentencing guidelines. *Id.* at 10. The trial court determined that Appellant's "extremely lengthy criminal record" coupled with the fact that he was "on state parole when these offenses occurred" warranted consecutive sentences, that when aggregated, totaled 22 to 48 months of incarceration. *Id.* The trial court also imposed this sentence consecutively to any other sentence already imposed. *Id.*

Upon review, we agree with the trial court's assessment and discern no abuse of discretion or error of law in sentencing Appellant. The trial court was aware of the sentencing guidelines and considered a PSI report. As such, we presume the trial court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating

statutory factors. Moreover, Appellant also offered additional mitigation evidence, which the trial court contemplated. The trial court considered the protection of the public, the gravity of the offenses at issue, and the rehabilitative needs of the defendant. Considering Appellant's criminal history spanning decades and that prior parole and probation supervision proved ineffective for Appellant, the trial court ultimately determined that incarceration was essential because more lenient rehabilitation did not protect the public. Moreover, Appellant was not entitled to a volume discount for his crimes and there was no abuse of discretion in sentencing Appellant to consecutive terms of imprisonment. Furthermore, in this case, we conclude that the application of the sentencing guidelines was reasonable under Section 9781(c)(2). We simply cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court. As such, there is no merit to Appellant's discretionary sentencing claim.

We independently considered the issues raised within counsel's ***Anders*** brief and we have determined that the claim presented therein is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>08/15/2024</u>